■ In the Matter of HELEN RIZZO, Appellant, v. LEXINGTON REALTY Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed December 21, 1971, which disallowed a claim for compensation under the Workmen's Compensation Law. Angelo Rizzo, employed as a hall man and elevator operator in an apartment building for 30 years, became involved on January 29, 1969 in a heated argument with his supervisor over what he felt was an overpayment of his wages. He believed that he was receiving payment for unused sick leave when he had previously been paid for same. After about five minutes of argument, Rizzo accompanied the supervisor to the latter's apartment to call his wife to check his payroll records and prove that he was right. Apparently, he was still in an excited state and, while on the phone, suffered a cerebral hemorrhage. There is medical evidence in the record that the hemorrhage

could have been caused by the earlier emotional disturbance. The referee found that claimant suffered an accident arising out of and in the course of his employment. The board reversed, finding that "the argument and emotional stress participated in by the claimant prior to his collapse on January 29, 1969 did not involve greater stress and exertion than the ordinary wear and tear of life." Appellant contends that the board's decision is unsupported by substantial evidence. We disagree. Under well-established precedents, upon this record the board could properly find that there was no accidental injury arising out of and in the course of employment (See *Matter of Strauss* v. *Morning Freiheit*, 39 A D 2d 786, affd. 35 N Y 2d 780; *Matter of Zyggler* v. *Tenzer Coat Co.*, 19 A D 2d 660, affd. 15 N Y 2d 562; *Matter of Cramer* v. *Barney's Clothing Store*, 15 A D 2d 329, affd. 13 N Y 2d 711; *Matter of Santacroce* v. *40 W. 20th St.*, 9 A D 2d 985, affd. 10 N Y 2d 855; see, generally, 1 A Larson, Workmen's Compensation Law, § 38.65.) Decision affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.